Wachtler, J.
(dissenting). The order of the Appellate Division should be affirmed.
There is no doubt that the appellant suffers from a serious and apparently dangerous mental disorder which makes her presently unfit to raise her child. In fact, because of this condition she has never been able to care for the child who, as a result of court orders, had been placed with foster parents soon after her birth. Indeed, appellant has suffered from this condition for many years prior to the child’s birth; she has been committed on several occasions, sometimes due to her treatment of her children, with continuous treatment but only slight and intermittent improvement. Thus the record convincingly shows that this is a long-standing and persistent mental disorder which has proven resistant to successful treatment in the past, is presently uncorrected, *252 and will in all likelihood continue in the future at least during the child’s formative years.
Nevertheless because an expert witness entertained a vague possibility of unprecedented recovery in the unforeseeable future, the court has held that the child must remain in legal limbo. She cannot now be safely returned to her mother, may never be, and cannot be assured a permanent home with her foster parents. Concededly the statute does not attach such significance to the opinions of experts. Although the Legislature has provided for psychiatric evaluation of the parent (Social Services Law, § 384-b, subd 6, par [e]), the court’s power to grant relief is not conditioned upon the ability of the court or the petitioner to find an expert who can give a definitive opinion of mental unfitness now and in the foreseeable future. Considering the traditional reluctance of candid experts to offer opinions without some reservation, it is understandable that the Legislature would not impose such an unrealistic requirement as a prerequisite.
In sum the statutory goal of providing permanent homes for children whose parents’ mental condition renders them unfit to raise them now or in the foreseeable future (Social Services Law, § 384-b, subd 4) should not be frustrated simply because an expert witness suggests a vague possibility that the parent might at some date in the future, perhaps the distant future, recover from an illness that has resisted treatment throughout the child’s life, and long before the child was born.
Chief Judge Cooke and Judges Jasen, Gabrielli and Meyer concur with Judge Jones; Judge Wachtler dissents and votes to affirm in a separate opinion in which Judge Fuchsberg concurs.
Order reversed, with costs, and matter remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.